UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROVIDENCE PASCONE,

    Plaintiff,

v.                                                   Case No. 8:23-cv-1849-TPB-TGW

LOWE'S HOME CENTERS, LLC, et al.

    Defendants.
_____/

**ORDER DENYING "PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT AND REMAND TO STATE COURT"**

This matter is before the Court on "Plaintiff's Motion for Leave to Amend Complaint and Remand to State Court," filed on November 8, 2023. (Doc. 19). On December 5, 2023, Defendant Lowe's Home Centers, LLC filed a response in opposition. (Doc. 22). The Court held a hearing to address the motion and other issues on December 13, 2023. (Doc. 26). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

This case arises from a routine "slip-and-fall" incident outside of a Christmas tree tent in a Lowe's parking lot. On November 21, 2022, Plaintiff Providence Pascone alleges she was shopping at Lowe's when she tripped and fell over a raised electrical cord near the Christmas tree tent, sustaining serious personal injuries.

On March 19, 2023, Plaintiff filed her initial complaint against Lowe's and an

unknown store manager in the Circuit Court for the Sixth Judicial Circuit in Pasco County, Florida. On July 18, 2023, she served responses to Defendant's requests for admissions, in which she admitted that her claimed damages exceeded $75,000. The same day, Plaintiff also filed a motion in the Circuit Court seeking leave to amend her complaint to add Frank Essex, the store manager, as a defendant. On August 16, 2023, before that motion was ruled upon, Defendant removed the case to this Court based on diversity jurisdiction.

Plaintiff now seeks to amend her complaint to add Frank Essex as a defendant. Because the substitution of Essex, a Florida citizen, for the unknown store manager would destroy diversity jurisdiction, she also seeks remand to state court.[1]

## Analysis

Plaintiff seeks to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a), which provides that the amendment of pleadings should be freely granted. However, because Plaintiff seeks to amend her complaint after removal and amendment would destroy diversity jurisdiction, the Court must analyze the

---

[1] Plaintiff additionally argues that the case must be remanded due to Defendant's improper reliance on her concession in her response to the request for admissions that the amount-in-controversy exceeds $75,000. This argument is not well-taken and does not merit further discussion save to say that federal courts have held that a response to a request for admissions may provide a basis for removal. *See Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989) (response to request for admission is "paper from which it [was] first ascertained that the case [was] one which is or has become removable."); *Contreras v. Walmart Stores East, LP*, No. 2:23-cv-208-SPC-NPM, 2023 WL 3740091, at *2 (M.D. Fla. May 31, 2023) (removal clock began once the defendant received admission on damages); *Eubanks v. Hall*, No. 5:22-cv-411-JSM-PRL, 2022 WL 5240776, at *2 (M.D. Fla. Oct. 6, 2022) ("It is axiomatic that Plaintiff's responses to Request for Admissions may be considered an "other paper" for removal purpose–indeed, this Court has said so in many cases.").

motion pursuant to 28 U.S.C. § 1447(e).[2] *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

"A district court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, 'should scrutinize that amendment more closely than an ordinary amendment' and should deny leave to amend unless strong equities support the amendment." *Rutsky v. Target Corp.*, No. 12-61828-CIV, 2012 WL 5604620, at *2 (S.D. Fla. Nov. 15, 2012) (quoting *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002)); *see Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) ("[A] district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."). "[C]ourts considering post-removal motions to amend to add non-diverse defendants under 28 U.S.C. § 1447(e) frequently find the equities tilt against permitting the amendment." *Houston v. Creative Hairdressers, Inc.*, No. 3:17-cv-421-J-32MCR, 2018 WL 388490, at *2 n.2 (M.D. Fla. Jan. 12, 2018) (Corrigan, J.) (collecting cases).

---

[2] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy [diversity] jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

When a plaintiff seeks to add a non-diverse defendant in a removed case, courts often conduct a balancing analysis known as the *Hensgens* test. *Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020) (noting that Eleventh Circuit has no binding precedent addressing how district courts should decide whether to permit joinder of non-diverse defendants following removal, but finding other decisions, such as *Hensgens*, instructive).[3] The *Hensgens* factors include whether "(1) the purpose of the amendment is to defeat federal jurisdiction, (2) the plaintiff has been dilatory in seeking amendment, (3) the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bear on the equities." *Norvilus-Foreste v. Walmart Stores East, LP*, No. 2:23-cv-163-SPC-NPM, 2023 WL 4235460, at *1 (M.D. Fla. June 28, 2023) (Chappell, J.) (citing *Hickerson*, 818 F. App'x at 885).

### *Purpose of Amendment*

Under *Hensgens*, the Court first considers the purpose of amendment. To be frank, it appears that the primary purpose of the amendment sought here is to defeat diversity jurisdiction. The Court notes – again – that Plaintiff attempted to amend the state court complaint the same day that she admitted that her damages exceeded $75,000 in her response to Defendant's request for admissions. Based on this timing, it appears that her decision to move to amend was likely motivated by

---

[3] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. *See* 11th Cir. R. 36-2." *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited here, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding, authority.

her awareness that Defendant would potentially remove this case since the amount-in-controversy and federal jurisdiction were then ascertainable for the first time.

In addition, when considering the purpose of amendment, the Court also scrutinizes whether Plaintiff can state a viable negligence claim against Essex, the Lowe's store manager. "Florida law says a store manager is not liable for negligence 'simply because of his general administrative responsibility for the performance of some function of his employment – he or she must be actively negligent.'" *Norvilus-Foreste*, 2023 WL 4235460, at *2 (quoting *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). Consequently, to maintain a claim against a store manager under Florida tort law, a plaintiff must establish that the manager owed a duty to the plaintiff, and that duty was breached through personal, rather than technical or vicarious, fault. *Id*. In this context, when a plaintiff is trying to state a claim against a manager or other store employee, simply reciting the same general tort duties that the corporate defendant owes the plaintiff is insufficient. *See id*.

Plaintiff does not state any plausible negligence claim against Essex in her complaint or proposed amended complaint. Rather, the allegations against Essex arise only from his job as the store manager, and Plaintiff does not allege that Essex was personally negligent outside of boilerplate and conclusory allegations related to the maintenance, management, and supervision of the store. *See id*. As such, "this case 'appears to be a run of the mill slip and fall case in which the store manager individually has no liability.'" *See id*. (quoting *Boyd v. Petco Animal Supplies*

*Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018)).

The Court recognizes that Plaintiff's initial state court complaint named "Unknown Store Manager" as a defendant. Taken at face value, this could suggest that Plaintiff actually intended to sue the store manager in his personal capacity at some point in the state court litigation. On the other hand, scrutinizing this allegation more closely, as the Court must do when analyzing this issue in this procedural context, it appears likely that inclusion of "Unknown Store Manager" in the initial state court complaint was a strategic move designed to give Plaintiff the option of adding a Florida resident defendant to defeat diversity jurisdiction in the event the Defendant attempted to remove the case to federal court. Here, Plaintiff filed a motion for leave to file an amended complaint to add the store manager only once it became clear that the jurisdictional threshold amount of $75,000 was established in the state court case through her admission. These facts – including the store manager as a John Doe defendant in the original complaint and moving to amend before removal – are, at best, very weak and indirect indications of some purpose for amendment other than defeating diversity jurisdiction.

Most cases of this nature are filed in state court, and plaintiffs rarely include store managers as individual defendants absent active negligence or actual involvement in the incident at issue. This makes sense because, in practical terms, an individual defendant such as a store manager will be indemnified by his or her employer. Where an employee is certainly going to be indemnified, adding him or

her as a defendant only serves to complicate and delay progress of a case with no financial benefit to a plaintiff.

As such, based on the totality of the circumstances, it is readily apparent that Plaintiff has sought to add this non-diverse defendant purely for strategic purposes, and the Court concludes that the actual purpose of the amendment was most likely to defeat diversity jurisdiction. This factor weighs heavily in favor of Defendant.

### *Timing of Amendment*

The Court next considers the timing and whether Plaintiff was dilatory in seeking amendment. Although the timing is suspicious, as the Court has noted, the Court cannot find that Plaintiff was necessarily dilatory in seeking amendment – she attempted to amend her complaint in the state court and again here in federal court after the case was removed. This factor favors Plaintiff.

### *Significance of Injury if Amendment Not Permitted*

The third *Hensgens* factor requires the Court to examine whether Plaintiff will be significantly injured if amendment is not allowed. Plaintiff does not explain how she would be injured at all, let alone significantly, should the Court not permit amendment. As explained above, because the complaint and amended complaint do not state a plausible negligence claim against the store manager, the Court is hard pressed to find significant injury. *See id.* at *3. Moreover, Plaintiff can still move forward with her claim against Defendant and obtain full relief from Defendant alone, even without Essex in the case. *See id.* (collecting cases). After all, if Plaintiff wins her case, Defendant – a well-established large national corporation

with more financial resources than the individual store manager – will surely pay the full judgment. *See id*. There has been no argument or showing that Plaintiff will not be able to obtain full relief without the presence of the store manager. *See id.; Rutsky*, 2012 WL 5604620, at *3. There has also been no argument or showing that Plaintiff will not be able to access the same discovery without Essex in the case. See *Rutsky*, 2012 WL 5604620.

Lastly, it should be noted that Plaintiff is free to sue Essex in state court if she chooses to do so. *See id*. Parallel lawsuits may result in both sides expending additional costs and time. *See id*.; *Roland v. Waffle House, Inc.*, No. 4:18cv410-MW/CAS, 2018 WL 6715513, at *3 (N.D. Fla. Oct. 2, 2018). "However, 'having parallel state/federal proceedings is a consequence anytime a post-removal motion to amend to add a non-diverse defendant is denied.'" *Id*. (quoting *Houston,* 2018 WL 388490, at *2). Plaintiff appears unlikely to pursue a claim against Essex in state court, and even if she did, it is "extremely unlikely that the claim would be successful" for the reasons discussed above. *See id*. Ultimately, this factor weighs in favor of Defendant.

### *Other Equities*

As to the fourth and final *Hensgens* factor, the Court weighs other equitable considerations. The purpose of the removal statute is to give diverse defendants the option of choosing a federal forum. *See id*. at *3 (citing *Wilson v. Target Corp.*, No. 10-80451-CIV-MARRA, 2010 WL 3632794, at *5 (S.D. Fla. Sept. 14, 2010)). Defendant, a citizen of North Carolina, has a right to litigate this suit in federal

court. Should the Court grant Plaintiff's motion, nearly "all premises liability suits would be litigated exclusively in state courts because a plaintiff could simply name a key employee then working at the premises where the plaintiff was injured." *Id*. This is intolerable and unfair to retail workers who could easily find themselves getting sued in their individual capacities as a matter of course simply to defeat federal diversity jurisdiction.[4]

Lawyers file lawsuits against individual people every day. Judges routinely hear cases involving individual people and make decisions that impact different aspects of their lives. For lawyers and judges who regularly handle cases involving individual people, it may seem like it is just part of the job. But for an ordinary person just trying to "play by the rules" and earn an honest living, getting sued in his or her individual capacity can be a very serious matter. Notably, when a person is sued in his or her individual capacity, that person may experience a variety of difficult and sometimes permanent consequences.

Those consequences include, among other things, the possibility of having personal financial assets subject to a court judgment, wages garnished, bank accounts attached, and personal property seized. In addition, when a person gets sued in his or her individual capacity, that individual may be required to disclose

---

[4] Another way to avoid innocent employees being unnecessarily sued in their individual capacities as a strategic move to avoid federal diversity jurisdiction would be for Congress to raise the jurisdictional dollar amount for diversity jurisdiction beyond the current $75,000 amount-in-controversy threshold. The last time Congress raised the jurisdictional dollar amount for federal diversity jurisdiction was in 1996, nearly 30 years ago. Commentators in recent years have regularly called for an increase in the jurisdictional dollar amount. *See, e.g.*, Steven Gensler & Roger Michalskit, *The Million-Dollar Diversity Docket*, 47 BYU L. REV. 1653 (2022).

the fact that he or she was sued to current and potential employers, insurance carriers, and professional licensing entities. Similarly, a person who gets sued personally may find that his or her credit report and credit rating have been adversely affected. When applying for jobs, promotions, or security clearances, an individual who has been sued may have to disclose the lawsuits and explain the reasons he or she got sued. In some circumstances, a person who gets sued personally may have to hire and pay for his or her own lawyer. In most circumstances, a person who gets sued personally must surrender days, months and sometimes years of his or her life participating – involuntarily – in the litigation process. As Thomas Edison reportedly said: "A lawsuit is the suicide of time." But perhaps most importantly, in all circumstances, a person who gets sued experiences stress, anxiety, and pays a heavy psychological price associated with constant worry.

Sadly, a person who is sued in his or her individual capacity experiences most of these adverse consequences even when the lawsuit is won, settled, dismissed by the court as frivolous, or simply abandoned or voluntarily dismissed by the plaintiff. Getting sued should not be just "part of the job" for people working in the retail industry. These hard-working people should not be used as pawns in a metaphorical chess game played by lawyers trying to move cases back and forth between state and federal courts.

For this and other reasons, courts should not permit an individual to be added as a defendant in cases like this unless there is a factual basis supporting

allegations of active negligence and not just a hypothetical legal argument as to individual personal liability. The fourth *Hensgens* factor weighs heavily in favor of Defendant.

## Conclusion

Applying the *Hensgens* factors relevant to the exercise of jurisdiction under 28 U.S.C. § 1447(e), the Court concludes that the considerations militate against permitting amendment to destroy complete diversity.

It should be clear that the law does not impose a bright-line rule disallowing amendments to add non-diverse defendants after a case has been removed. Should a plaintiff in a premises liability case such as this have a viable negligence claim, supported by facts and brought in good faith against a store manager, clerk, cashier, or other employee, amendment to add that person may very well be appropriate.[5] But that determination must be made based on the facts of each case, and amendment should be permitted only where there is a factual basis supporting allegations of active negligence, not merely hypothetical legal arguments as to individual personal liability. In this particular case, amendment will not be permitted.

---

[5] This Court has previously allowed post-removal amendments to add nondiverse store employees in other cases where the request was supported by the facts. *See Saxton v. Dollar Tree Stores*, No. 8:19-cv-2670-T-60TGW, Doc. 26 (M.D. Fla. Mar. 6, 2020) (retail store cashier). In *Saxton*, the addition of a cashier as a party defeated diversity jurisdiction and the case was remanded to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  "Plaintiff's Motion for Leave to Amend Complaint and Remand to State Court" (Doc. 19) is **DENIED**.

(2)  The Clerk is directed to strike "Unknown Store Manager of Lowe's Store #0724" as a fictitious defendant in this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>23rd</u> day of April, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE